**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:12-CR-00104-ADA-1** |
| | § | |
| **ANDRE NEGEL HAYNES** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

The defendant was convicted of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The defendant was sentenced to ninety (90) months of incarceration followed by a three (3) year term of supervised release, a $100.00 special assessment fee, and a $1,000.00 fine. The defendant was released to supervision on May 23, 2024.

On January 6, 2026, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision and seeking a show-cause hearing as to why the defendant's supervision

should not be revoked. The petition alleges the defendant violated the terms of his supervision in the following instances:

**Violation Number 1:**  The defendant violated Mandatory Condition Number 3; that the defendant shall refrain from any unlawful use of a controlled substance, in that, on or about July 18, 2024, the defendant submitted a urine test which was positive for Cocaine.

**Violation Number 2:**  The defendant violated Standard Condition number 15; that the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol, in that, on or about September 13, and 19, 2024, the defendant failed to report to Word of Life for a scheduled drug testing.

**Violation Number 3:**  The defendant violated Standard Condition Number 3; that the defendant shall follow the instructions of the probation officer, in that, on or about September 8, 9, 10, 12, 15, 16, 17, 18, 19, and 20, 2024, the defendant failed to call the COMPLY drug testing line as instructed.

**Violation Number 4:**  The defendant violated Standard Condition Number 6; that the defendant shall notify the probation officer at least ten days prior to any change in residence.

**Violation Number 5:**  The defendant violated Standard Condition number 15; that the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol, in that, the defendant never made an appointment with Word of Life for his initial treatment appointment.

**Violation Number 6:**  The defendant violated Mandatory Condition Number 1; that the defendant shall not commit another federal, state, or local crime during the term of supervision, in that, on or about December 4, 2024, the defendant was indicted for Unauthorized Use of a Vehicle, in violation of Texas Penal Code 31.07, a state jail felony.

**Violation Number 7:**  The defendant violated Mandatory Condition Number 1; that the defendant shall not commit another federal, state, or local crime during the term of supervision, in that, on or about December 4, 2024, the defendant was indicted for Evading Arrest with a Vehicle (Habitual Offender), in violation of Texas Penal Code 38.04, a third-degree felony.

**Violation Number 8:**  The defendant violated Mandatory Condition Number 1;

2

that the defendant shall not commit another federal, state, or local crime during the term of supervision, in that, on or about December 4, 2024, the defendant was indicted for Aggravated Robbery (Habitual Offender), in violation of Texas Penal Code 29.03, a first-degree felony.

On May 12, 2026, the Court held a hearing on the petition. At that hearing, the government orally amended violations 6, 7, and 8 to replace the words "was indicted for" with "committed." The amendment was made with the defendant's consent. The defendant then pled TRUE as to violation numbers 1, 2, 3, 4, 5, 6, 7, and 8. The petition contained a sufficient factual basis to support a plea of TRUE as to violation numbers 1, 2, 3, 4, 5, 6, 7, and 8.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the undersigned finds as follows:

1.    The defendant violated the conditions of his supervision as alleged in the petition.

The defendant was competent to make the decision to enter a plea of TRUE as to violation numbers 1, 2, 3, 4, 5, 6, 7, and 8.

2.    The defendant had both a factual and rational understanding of the proceedings against him.

3.    The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4.    The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

5.    The defendant was sane and mentally competent to stand trial for these proceedings.

6.    The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

7.    The defendant received a copy of the petition naming him, and he either read it or had it read to him.

8.    The defendant understood the petition and the charges alleged against him.

9.    The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

10.    The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

11.    The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

12.    The defendant freely, intelligently, and voluntarily entered his plea of TRUE as to violation numbers 1, 2, 3, 4, 5, 6, 7, and 8.

13.    The defendant understood his statutory and constitutional rights and desired to waive them.

14.    The petition contains a sufficient factual basis to support the defendant's pleas of TRUE as to violation numbers 1, 2, 3, 4, 5, 6, 7, and 8.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised release be revoked and that he be sentenced to twenty-four (24) months imprisonment with access to mental health and substance abuse treatment, with no term of supervised release to follow.

4

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 13th day of May, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE